IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,          :

          Plaintiff,               :

     v.                            :     Case No. 2:09-cr-242

Clifton M. Jefferson,              :       JUDGE SARGUS

          Defendant.              :

ORDER


          The defendant was indicted on October 13, 2009, on a single
count of being a convicted felon in possession of a firearm.  The
firearm is question is described in the indictment as a "Romarm,
Model Wasr-10, 7.62x39mm rifle," more commonly known as an AK-47.
The prior felony conviction identified in the indictment is a
Hamilton county conviction for the offense of discharging a
firearm at or near a prohibited premises in violation of O.R.C.
§2923.162.

          The defendant was arrested in the Eastern District of
Virginia and appeared before a Magistrate Judge on December 15,
2009.  He was subsequently transferred to this district, and the
Court held a detention hearing on January 4, 2010.  The hearing
was continued until January 6, 2010, to allow the United States
to address certain concerns raised by the Court about whether the
defendant would be a danger to the community if released, and
whether there would be release conditions available which would
address that issue.  Testimony was taken, and exhibits received,
at the January 6 hearing.  The Court took the issue of detention
under advisement.  For the following reasons, the Court finds
that the defendant should be detained without bond pending

further proceedings in this case.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee. At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." <u>Id</u>. If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. <u>See</u>, <u>e.g.</u>, <u>United States v. Arvanitis</u>, 667 F. Supp. 693 (N.D.Ill. 1987). Detention may be ordered based upon a finding that

the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The Court begins its analysis with the defendant's criminal history. Some of this information comes from the Court's docket in Case No. 2:95-cv-100, and some from the exhibits introduced into evidence at the hearing and from the Pretrial Services Report.

In 1995, when the defendant was either 17 or 18 years old, he was convicted in this Court, pursuant to his guilty plea, of one count of violating 18 U.S.C. §1951 and one count of possession of a firearm in connection with a crime of violence in violation of 18 U.S.C. §924(c). He was sentenced to sixty months of imprisonment on each count, to be served consecutively, followed by two years of supervised release. The crime underlying the §1951 conviction was a jewelry store robbery.

Defendant began serving his term of supervised release on May 17, 2004. During the first three months of his supervised release, he tested positive for marijuana on four different occasions. The Court modified his conditions to include substance abuse treatment. Less than two months later, the probation office reported that the defendant had continued to test positive for controlled substances, including both marijuana and cocaine, and that he had stopped submitting his written reports to the probation office. He also missed a counseling session. The petition submitted to the Court recommending that his supervised release be revoked noted his "lengthy criminal

-3-

record which includes violent offenses committed under the influence of drugs." When the Marshals attempted to arrest the defendant on the warrant issued by this Court, he fled, leading them on a high-speed chase through populated areas in Cincinnati and then fleeing on foot. He was charged in state court with several offenses and, according to the pretrial services report, was convicted of misdemeanor drug possession, attempt, and failing to comply with police officer (felony). This Court revoked his supervised release and sentenced him to 24 months of imprisonment. He received concurrent sentences from the state court.

It is not clear exactly when the defendant was released from this latter sentence. However, on October 26, 2006, a date less than two years after the sentence was imposed, he was charged with (and later convicted of) improperly discharging a firearm. He received a prison term for that offense. The indictment to which he pleaded guilty alleged that he fired a weapon at or into a residence. The judgment entry of the state court also imposed a three-year term of post-release control. (Govt. Exh. 5).

Defendant was apparently released from prison sometime in 2007 or 2008, and moved to Virginia Beach, Virginia, where he obtained employment as a security officer, being paid, as he put it, "off the books." However, in early 2009, he became a suspect in a murder in Columbus, Ohio. The Columbus police detective, Detective Friend, who investigated the murder, testified to the following facts about the defendant's involvement in that case.

An individual was shot and killed in Columbus in January, 2009. Witnesses identified a woman as having been at the scene, and the license plate number of a car seen driving away after the shooting came back to a female whom the police then interviewed. She said that she was asked by her brother to gain entrance to the home where the victim was shot, and that her brother and the

-4-

defendant then entered the home and pointed guns at the victim. After the shooting occurred, she ran to her car, and then was joined by the defendant, who had been wounded. Police found a blood trail leading from the house to the street, and the DNA matched the defendant's.

The following day, the defendant reported that he had been shot during a robbery attempt. His story was initially corroborated by his girlfriend but she later recanted, saying that the defendant had told her to make up the story. In February, 2009, the defendant was arrested and charged with aggravated murder, aggravated burglary, and aggravated robbery. He was tried in state court and acquitted. However, during the arrest, the AK-47 which forms the basis for the current charge was found at his residence, along with a loaded ammunition clip. The defendant apparently returned to Virginia Beach after these events, because he was arrested in Virginia on the federal warrant.

There is some additional information about the defendant in the pretrial services report. He has also had employment over the last two years as a recording artist and musician. He worked during 2004, for the short period of time when he was not in prison, as a laborer. Other than that, he has no employment history. He lived in Cincinnati while on supervised release, but does have ties to Columbus, including a sister-in-law who appears very supportive and who would allow him to reside with her on electronic monitoring. Defendant's Exhibit One is a letter from Willie M. Alls, a relative, who stated he would be willing to help the defendant find work in Columbus.

The two questions posed here are: (1) is the defendant a danger to the community; and (2) are there conditions of release that would adequately safeguard the community were defendant to be released? The answer to the first question is yes, and the

answer to the second question is no.

The Court is persuaded by clear and convincing evidence that this defendant poses a danger to the community. He has at least two prior convictions involving firearms, both of which involved a real threat of serious injury to others. His actions in attempting to evade arrest in 2004 placed others in danger. His presence at the scene of the 2009 murder, even if he was not the shooter, is very troubling. Finally, after all of this history, his unlawful possession of an assault rifle - at least the second time he had a weapon after being convicted of a federal felony - shows that his propensity toward both illegal and dangerous activity has not changed. There is every reason to believe that if he were released, he would continue to disregard the law concerning the illegal possession and use of firearms, and continue to engage in other illegal activities.

As far as whether any conditions of release could adequately address the danger which his release would create, the Court notes that his prior adjustment on supervision was very poor. He used drugs while on supervised release, failed to report to his probation officer as directed, skipped counseling sessions, and committed a series of crimes while fleeing from the Marshals. He has also continued to ignore the law concerning possession of firearms and lied to the police about how he came to be shot in 2009. He is also apparently a substance abuser. These are not the actions of someone who would be likely to abide by any release conditions the Court might set, and electronic monitoring is simply inadequate to address these types of issues. For all of these reasons, the Court concludes that an order of detention is the only alternative here.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge